15300

SWIFT & CO. v. COOK

(15 S. E. (2d), 773)

The order of Judge Dennis requested to be reported follows:

This matter comes•before me on motion of the plaintiff to strike the answer and the defense of the defendant by way of counterclaim on the ground that the same are sham, false, and frivolous, and intended solely for the purpose of delay.

The action is one in claim and delivery for the recovery of the chattels described in the mortgage set forth in the complaint and for damages for the unlawful detention of such chattels. The said mortgage secures the note which is set out in the complaint and from which it appears that the indebtedness evidenced thereby, and secured by the above-mentioned chattel mortgage, represents the purchase price of certain fertilizers specified in the instrument.

The note and mortgage were exhibited to the Court by the plaintiff.

The defense of the defendant is in effect that the plaintiff agreed, at the time of the transaction in question, to sell and deliver to the defendant certain fertilizers in addition to those set forth in the defendant's note and that in consequence of the failure of the plaintiff to carry out this agreement, the defendant suffered damages in the cultivation of his crop in the amount of $1,500.00. Substantially the same facts are set out by way of counterclaim, and damages in the sum of $1,500.00 are claimed against the plaintiff.

The affidavits submitted by the plaintiff in support of its motion show that the note set forth in the complaint fully encompasses the agreement of the parties and consideration

of the counter affidavits submitted on behalf of the defendants fails to overcome the clear case made by the plaintiff.

The defendant is himself a lawyer, and executed the note and chattel mortgage in question in June, 1940, long after the delivery of the goods in question, and without any reservations as to the delivery of additional goods.

Any further dealings between the plaintiff and the defendant that may be deducible from the affidavits amount to no more than an alleged promise on the part of the plaintiff to extend further credit to the defendant. Nothing in the nature of a binding legal agreement to vary or constitute a defense to the note and chattel mortgage is deducible.

There is no unequivocal denial on the part of the defendant that after the maturity of the note in question he promised the plaintiff's agent to pay the same.

On the whole record I am satisfied that the answer and counterclaim of the defendant is sham and false, and that they set forth no defense to the cause of action set forth in the complaint. To the extent that the counterclaim purports to constitute a cause of action for fraudulent breach of contract, I find nothing in the pleadings to show that there was any fraudulent act on the part of the plaintiff in connection with the alleged verbal contract upon which the defendant relied.

Plaintiff's counsel stated at the hearing, however, that the defendant was entitled to a credit of $47.16, for certain goods which admittedly he did not receive, though included in the note.

Accordingly, it is ordered, adjudged and decreed, that the answer and the counterclaim of the defendant be and the same hereby are stricken out, and that the plaintiff is entitled to judgment in accordance with the prayer of the complaint.

Further ordered and adjudged that the plaintiff have judgment against the defendant for the possession of the property covered by the chattel mortgage, as set forth in the com-

plaint, or if delivery thereof cannot be had, then for the sum of $450.00, the value of the chattels as given in the complaint, subject to a credit of $47.16, as above set forth, together with the costs of this action.

*Mr. J. Woodrow Lewis,* of Hartsville, for the appellant,

*Mr. Samuel Want, Mr. James S. Verner* and *Mr. Sam Rogol,* all of Darlington, for respondent,

July 23, 1941.

*Per curiam.*

The facts of this case are sufficiently set forth in the order of the Circuit Judge. This order is founded upon affidavits from which the conclusion is inescapable that the case comes within the purview of the language of the applicable statute (Code, Section 470) that "sham and irrelevant answers and defenses may be stricken out on motion * * * ."

The conclusion of the Circuit Judge that the answer and counterclaim of the defendant (appellant) should be stricken out, and that the plaintiff (respondent) is entitled to judgment in accordance with the prayer of the complaint, is affirmed.

Let the order of the Circuit Judge be reported.

Mr. Chief Justice Bonham, Messrs. Justices Baker, Fishburne and Stukes and Mr. Acting Associate Justice Lide concur.